IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

Pendleton Division

JEFFREY B. SMITH,                          )
                                           )
                Plaintiff,                 )
                                           )        2:13-CV-00803-JO
        v.                                 )
                                           )
CAROLYN W. COLVIN, Acting Commissioner of  )        OPINION AND ORDER
Social Security,                           )
                                           )
                Defendant.                 )

JONES, J.,

Plaintiff Jeffrey Bryan Smith appeals the Commissioner's decision denying his application

for disability insurance benefits under Title II of the Social Security Act. The court has jurisdiction

under 42 U.S.C. § 405(g). I AFFIRM the Commissioner's decision.

## PRIOR PROCEEDINGS

Smith alleged disability beginning November 11, 2004, due to the combined effects of a left

shoulder condition that required three surgeries, diabetes, hypertension, and carpal tunnel syndrome.

Admin. R. 114, 139. The Commissioner denied Smith's claim. On appeal to this court, the parties

stipulated to remand for further administrative proceedings. Admin. R. 530-34.

-1-    OPINION AND ORDER

In the proceedings after remand, the ALJ applied the sequential disability determination process described in 20 C.F.R. § 404.1520. *See Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). The ALJ found Smith's ability to perform basic work activities limited by the combined effects of obesity, a left shoulder rotator cuff tear, diabetes mellitus, and hypertension. Admin. R. 446. The ALJ found that, despite his impairments, Smith retained the residual functional capacity ("RFC") to lift, carry, push, and pull up to 10 pounds and to stand, walk, or sit for up to six hours each during a typical day. The ALJ found that Smith had no useful extension of his left arm, but could grip and manipulate objects with his left hand occasionally. Admin. R. 446.

The ALJ heard testimony from a vocational expert who said that a person of Smith's age, education, work experience, and RFC could perform light occupations such as gate guard or security guard, and sedentary occupations such as surveillance system monitor. The vocational expert said these occupations represented several hundred thousand jobs in the national economy. Admin. R. 452, 504-506. The ALJ concluded that Smith was not disabled within the meaning of the Social Security Act. Admin. R. 453.

### STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if she applied the proper legal standards and if substantial evidence in the record as a whole supports the findings of fact. 42 U.S.C. § 405(g); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Under this standard, the court will uphold the Commissioner's factual findings if supported by inferences reasonably drawn from the record even if evidence exists to support another rational interpretation. *Batson*, 359 F.3d at 1193; *Andrews v. Shalala*, 53 F.3d 1035, 1039-40 (9th Cir. 1995).

\\\

-2-    OPINION AND ORDER

## DISCUSSION

### I.   Claims of Error

Smith contends the ALJ failed to comply with remand instructions to consider the effects of his obesity in assessing his RFC.  Smith also contends the ALJ improperly applied the rules in 20 C.F.R. Part 404, Subpart P, Appendix 2 ("Medical Vocational Guidelines").

### II.   Compliance with Court's Remand Order

The remand order instructed the ALJ to reconsider Smith's RFC and to account for any functional limitations arising from obesity.  Admin. R. 531.  The ALJ's decision shows that he considered all the evidence of Smith's obesity and all the evidence of his functional limitations.  He raised the issue of obesity at the hearing after remand.  Admin. R. 487-88.  He noted that the medical evidence showed a progressive weight gain attributed to Smith's inability to exercise due to shoulder pain.  Admin. R. 448.  He acknowledged that Smith was morbidly obese and that his doctors believed his overall medical condition would improve with weight loss.  Admin. R. 448-49.  He found that obesity was among the combined impairments that limited his ability to do basic work activities.  Admin. R. 446.

The ALJ assessed Smith with the RFC to perform less than the full range of light work.  Admin. R. 446.  In doing so, the ALJ said that "the reduced range of light work, as identified in the residual functional capacity above, provides accommodation for the claimant's obesity."  Admin. R. 451.  Accordingly, the ALJ sufficiently complied with the court's remand order.

Smith contends the ALJ erred by failing to incorporate postural or bending limitations in the RFC to accommodate his obesity.  Smith failed, however, to point to any evidence that the ALJ failed to consider that shows he has limitations beyond those in the RFC assessment.  A claimant

-3-   OPINION AND ORDER

must present evidence to the ALJ demonstrating that his obesity imposes functional limitations or exacerbates other conditions. *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005) (diagnosis of obesity is insufficient to prove that it impaired ability to work). Here, Smith did not identify evidence the ALJ failed to consider and I find none in the record. An ALJ is not required to include limitations that are unsupported by the record. *Osenbrock v. Apfel*, 240 F.3d 1157, 1163-65 (9th Cir. 2001).

Furthermore, Smith did not present vocational evidence to establish that the postural or bending limitations he contends the ALJ should have found would preclude him from doing the jobs identified by the vocational expert. Accordingly, he cannot show prejudice from the error he claims. *Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012).

## III.    Medical-Vocational Guidelines

Smith contends the ALJ should have used the Medical-Vocational Guidelines instead of relying on the vocational expert's opinion to determine whether jobs within his RFC exist in the national economy. The Medical-Vocational rules utilize a matrix of vocational factors of age, education, and work experience in combination with each of the strength categories of work, including sedentary and light. When the claimant's qualifications correspond to all four of the criteria for one of the rules, the rule will direct a conclusion as to whether the claimant is or is not disabled. 20 C.F.R. Pt. 404, Subpt. P, App. 2 § 200.00(a); *Heckler v. Campbell*, 461 U.S. 458, 461-62 (1983). In such cases, the opinion of a vocational expert is not required.

Here, the ALJ's RFC assessment placed Smith between the light and sedentary levels of exertion. 20 C.F.R. § 404.1567. The ALJ found that Smith could perform many, but not all of the physical requirements of light work. Because Smith's condition did not leave him with the capacity

-4-    OPINION AND ORDER

to perform at a specific exertional level, his qualifications did not correspond to the criteria for any of the Medical-Vocational rules.

Smith contends the ALJ failed to follow the guidance in Social Security Ruling ("SSR") 83-12 for determining which rule applies when the claimant's capacity falls between exertional levels. SSR 83-12 does not help Smith, however, because it does not preclude an ALJ from taking testimony from a vocational expert. To the contrary, it advises ALJ's to obtain the assistance of a vocational expert when the claimant's impairments are "somewhere in the middle" between the regulatory criteria for two exertional ranges of work. 1983 WL 31253 at *3.

In addition, Smith's non-exertional limitations in the use of his left arm prevent him from performing the full range of work at either the light or sedentary level of exertion. Admin. R. 446, 452. The Medical-Vocational Guidelines are not applicable when a claimant has non-exertional limitations that significantly limit the range of work at a given exertional capacity. *Hopai v. Astrue*, 499 F.3d 1071, 1075 (9th Cir. 2007). Having found that Smith could not perform the full range of light or sedentary work because of significant non-exertional limitations, the ALJ was required to take the testimony of a vocational expert. *Thomas v. Barnhart*, 278 F.3d 947, 960 (9th Cir. 2002); *Burkhart v. Bowen*, 856 F.3d 1335, 1340-41 (9th Cir. 1988).

The vocational expert analyzed jobs tailored to Smith's specific limitations. Admin. R. 452-53. He identified three occupations at the light and sedentary levels that a person with Smith's RFC could perform. Admin. R. 504-06. He testified that these occupations represent a significant number of jobs in the national economy. Admin. R. 452, 505-06. This uncontroverted opinion provided substantial evidence to support the ALJ's conclusion that Smith was not disabled. I find no error in the ALJ's reliance on the opinion of the vocational expert.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is AFFIRMED.

DATED this ___19th___ day of November, 2014.

_____
Robert E. Jones, Senior Judge
United States District Court